NO. 07-02-0155-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 7, 2002

_____

DERRICK ARCENEAUX,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 248TH DISTRICT COURT OF HARRIS COUNTY;

NO. 892,173; HON. JON HUGHES, PRESIDING

_____

Before BOYD, C.J., QUINN and REAVIS, J.J.

Derrick Arceneaux (appellant) appeals his conviction for possessing a controlled substance. Through two issues, he contends that the trial court erred in refusing to suppress evidence of his possession of the drug since his "initial detention was illegal and the resulting search was the fruit of the illegal detention." We overrule each issue and affirm.

***Background***

Appellant was charged with possessing a controlled substance, namely cocaine. A motion to suppress evidence of the cocaine was filed. At the hearing on the motion, the State called the three officers who conducted the investigatory stop, detention and subsequent arrest of appellant. Those who testified were Officer Kyle P. Seitzinger (Seitzinger), Bridget A. Lummus (Lummus), and Eric L. Newman (Newman). Seitzinger testified that "[the officers] saw [appellant] standing, doing some type of hand-to-hand transaction in an area that's a very high narcotics area." Additionally, he stated that appellant's actions constituted "a known type of transaction to pass narcotics . . . especially in that area." After the appellant and the other suspect completed their transaction, they and the officers "ma[d]e kind of eye contact with each other and everybody just kind of stopped." It was then that the officers detained the appellant and the other suspect. In addition to the hand-to-hand transaction, Newman added that he observed appellant littering (appellant dropped a clear plastic bag).

Seitzinger asked appellant for identification. Appellant stated that his identification "was in his vehicle." Lummus then asked if she could retrieve the identification from the vehicle, to which appellant replied "yes." Before Lummus entered the vehicle, however, she asked the appellant to sign a consent form authorizing the search. The form read:

> I, Derrick Arceneaux, having been informed of my constitutional right not to have a search made of the premises hereinafter mentioned without a search warrant and of my right to refuse to consent to such a search, hereby authorize E. L. Newman and B. A. Lummus, Police Officer(s) of the Houston Police Department, to conduct a complete search of my vehicle or residence, which is a 1998 Dodge Texas LP L18-ZMP located at 2200 Lorraine. These officers are authorized by me to take from my automobile any letters, papers, materials, or other property which they may desire. This written permission

2

is being given by me to the above named officers voluntarily without threats or promises of any kind and is given with my full and free consent.

More importantly, he signed the document.

Upon receiving consent, the officers searched the vehicle and discovered "white flakes residue [sic]" which field tested positive for crack cocaine. Appellant was then arrested and personally searched. It was then that Seitzinger discovered appellant was in possession of a plastic bag of crack cocaine.

### Standard of Review

Whether the trial court erred in denying a motion to suppress depends upon whether it abused its discretion. *Benitez v. State*, 5 S.W.3d 915, 918 ( Tex. App. --Amarillo 1999, pet. ref'd). Whether it abused its discretion depends upon whether, given the record before it and the applicable law, the decision fell outside the zone of reasonable disagreement. *Id*.

Next, while questions of law are subject to unfettered de novo review, the same is not necessarily true with regard to mixed questions of law and fact. That is, the application of law to fact is a mixed question of law and fact. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). Furthermore, when the resolution of the ultimate question turns on an evaluation of the credibility and demeanor of the witnesses, then we afford almost total deference to the manner in which the trial court applied the law to the facts before it. The same deference is afforded the trial courts determination of the historical facts involved. *Id*. In all other situations, we review, de novo, the manner in which the law is applied. *Id*.

3

### *Application of Standard*

Discovering contraband pursuant to a detainee's lawful, voluntary consent (even though the initial detention may have been improper) violates neither the United States or Texas Constitutions. *See Myers v. State*, 680 S.W.2d 825, 827 (Tex. App.–Amarillo 1984, pet. ref'd) (holding that irrespective of the propriety of the initial detention, the fruits of a search are not subject to suppression if discovered via a voluntary, consensual search). Here, the evidence illustrates that appellant executed written consent to search his car once he was detained by the officers. That the consent was voluntary is not disputed on appeal. That is, he does not argue that it emanated from coercion or that the purported taint of the initial arrest otherwise rendered the document invalid. Nor does the appellant dispute that 1) discovery of the cocaine within the vehicle searched pursuant to the consent gave the officers probable cause to arrest or 2) once arrested after the search of the car, the officers were permitted to search his person incident to the arrest. Again, neither topic was mentioned in his appellate brief. Thus, the record before us contains evidence illustrating that the officers searched the vehicle with appellant's consent, found evidence of cocaine which, in turn, gave them probable cause to arrest and search appellant, and, thereby, discovered on his person the cocaine serving as the foundation of his ensuing conviction. In short, we cannot say that the trial court abused its discretion, given appellant's arguments on appeal and the evidence before us. Accordingly, we affirm the judgment.

Brian Quinn
Justice

4

Do not publish.